1

2

3

4

5

6                   IN THE UNITED STATES DISTRICT COURT

7

8                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   YA THAING,                                    No. C 08-3309 WHA (PR)

11              Petitioner,                        **ORDER TO SHOW CAUSE**

12      v.

13   DERRAL G. ADAMS, Warden,

14              Respondent.

15   _____/

16          Petitioner, a California prisoner currently incarcerated at Corcoran State Prison, has

17   filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has paid the

18   filing fee.

19          Venue is proper because the conviction was obtained in Santa Clara County, which is in

20   this district.  *See* 28 U.S.C. § 2241(d).

21                                    **STATEMENT**

22          A jury convicted petitioner of three sex crimes against a child.  He was sentenced to

23   fifteen years to life.  His conviction was affirmed on direct appeal by the California Court of

24   Appeal, and the California Supreme Court denied review.

25                                    **DISCUSSION**

26   **A.    STANDARD OF REVIEW**

27          This court may entertain a petition for writ of habeas corpus "in behalf of a person in

28   custody pursuant to the judgment of a State court only on the ground that he is in custody in

**United States District Court**
For the Northern District of California

1  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose*

2  *v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading

3  requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ

4  of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state

5  court must "specify all the grounds for relief which are available to the petitioner ... and shall

6  set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of

7  the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not

8  sufficient, for the petition is expected to state facts that point to a 'real possibility of

9  constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d

10  688, 689 (1st Cir. 1970).  "Habeas petitions which appear on their face to be legally insufficient

11  are subject to summary dismissal."  *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d

12  1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

13  **B.     LEGAL CLAIMS**

14      As grounds for federal habeas relief, petitioner asserts that: (1) the trial court's response

15  to a jury question about consent violated his due process rights, and his counsel was ineffective

16  in failing to request a further instruction on consent; (2) the prosecutor was guilty of

17  misconduct, a violation of his due process rights; (3) his due process rights were violated by the

18  trial court's failure to define "menace" in the jury instructions; (4) his due process rights were

19  violated by the trial court's failure to give a "*Dewberry*" instruction."

20      These claims are sufficient to require a response.

21                                   **CONCLUSION**

22      1.  The clerk shall mail a copy of this order and the petition with all attachments to the

23  respondent and the respondent's attorney, the Attorney General of the State of California.  The

24  clerk shall also serve a copy of this order on the petitioner.

25      2.  Respondent shall file with the court and serve on petitioner, within sixty days of

26  service of this order, an answer conforming in all respects to Rule 5 of the Rules Governing

27  Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

28  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state

**United States District Court**
For the Northern District of California

1  trial record that have been transcribed previously and that are relevant to a determination of the

2  issues presented by the petition.

3       If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

4  court and serving it on respondent within thirty days of service of the answer.

5       3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer,

6  as set forth in Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a

7  motion, petitioner shall file with the court and serve on respondent an opposition or statement of

8  non-opposition within thirty days of receipt of the motion, and respondent shall file with the

9  court and serve on petitioner a reply within 15 days of receipt of any opposition.  If a motion is

10  filed it will be ruled upon without oral argument, unless otherwise ordered.

11       4. Petitioner is reminded that all communications with the court must be served on

12  respondent by mailing a copy of the document to respondent's counsel.  Papers intended to be

13  filed in this case should be addressed to the clerk rather than to the undersigned.  Petitioner also

14  must keep the court informed of any change of address by filing a separate paper with the clerk

15  headed "Notice of Change of Address," and comply with any orders of the court within the time

16  allowed, or ask for an extension of that time.  Failure to do so may result in the dismissal of this

17  action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez*

18  *v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

19       **IT IS SO ORDERED.**

20

21  Dated: August ___4___, 2008.                 _____

22                            WILLIAM ALSUP
                          UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28  G:\PRO-SE\WHA\HC.08\THAING3309.OSC.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


YA THAING,

          Plaintiff,

  v.

DARRAL G ADAMS et al,

          Defendant.

_____/

Case Number: CV08-03309 WHA

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 4, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Ya Thaing F-26942
Corcoran State Prison
3C05-239 U
P.O. Box 3471
Corcoran, CA 93212-3471

Dated: August 4, 2008

                       Richard W. Wieking, Clerk
                       By: Frank Justiliano, Deputy Clerk