United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VICTOR AVINA,

Petitioner,

v.

ROBERT A. HOREL, Warden,

Respondent.

_______________________________/

No. C 08-3620 WHA (PR)

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO EXHAUST**

Petitioner, a California state inmate, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available[1] with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

///

[1] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. *See Nino v. Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeals. *See id.* If the court of appeals denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. *See id.* at n.3.

**United States District Court**
For the Northern District of California

The petition is directed to the calculation of petitioner's sentence by the Department of Corrections and Rehabilitation. Petitioner concedes in his petition that he has not filed any appeals or any other "petitions, applications or motions with respect to this .... issue in any court." That is, he has not challenged the sentence calculation in state court, something which normally would be done with state habeas petitions. He thus has conceded failure to exhaust.

In view of petitioner's account balance, leave to proceed in forma pauperis (document number 2 on the docket) is **DENIED**. Petitioner shall pay the five dollar ($5) filing fee within thirty days of this order.

The petition is **DISMISSED** without prejudice to filing a new federal petition if petitioner exhausts his state judicial remedies and is not satisfied with the result. [2] His motion for appointment of counsel (document number 3) is **DENIED** as moot.

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: August 4, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.08\AVINA3620.DSM.WPD

---

[2] Petitioner is cautioned that under the Antiterrorism and Effective Death Penalty Act of 1996, effective April 24, 1996, petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or expiration of the time for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the United States Supreme Court, if the right was newly recognized and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for collateral review (such as a state habeas petition) is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

VICTOR AVINA,

Plaintiff,

v.

ROBERT A. HOREL et al,

Defendant.

______________________________________/

Case Number: CV08-03620 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 4, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Victor Avina
K-15466/C8-213
Pelican Bay State Prison
PO Box 7500
Crescent City, CA 95531

Dated: August 4, 2008

Richard W. Wieking, Clerk
By: Frank Justiliano, Deputy Clerk